UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : Court No. 09-00222 <br> v. : <br> : <br> INTERNATIONAL FIDELITY INSURANCE : <br> COMPANY, : <br> : <br> Defendant. : <br> : | |

### COMPLAINT

Pursuant to the rules of this Court, the United States of America, plaintiff, alleges as follows:

1. This action is brought by the United States of America, on behalf of the Department of Homeland Security, United States Customs and Border Protection ("Customs") to recover unpaid liquidated damages in the amount of $410,000.00 plus pre- and post-judgment interest.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1582(2).

3. During the times relevant to this matter, Teddi of California, Inc. ("Teddi") was initially located at 545 Shore Road, Cape Elizabeth, Maine 04107, and is presently located at 8140 NW 74th Avenue, Unit 13, Medley, Florida 33166-7455. Teddi is currently in Chapter 7 proceedings in the Central District of California and is, therefore, not a party to this action.

4. At all times relevant to this matter, defendant International Fidelity Insurance Company ("International Fidelity") was a New Jersey corporation authorized

to issue surety bonds, and was located at 2 Hudson Place, 4th Floor, Hoboken, New Jersey 07030.

## FACTUAL ALLEGATIONS

5. Paragraphs 1 through 4 are incorporated by reference as though fully set forth herein.

6. At all relevant times to this matter, Teddi was an importer of textiles.

7. To secure its importations, as required by law, Teddi as principal, and International Fidelity as surety, made, executed, and delivered to Customs a continuous bond ("Bond"). Customs assigned the Bond number 270144851, and is in the amount of $410,000.00 for each annual period until terminated. The Bond took effect on October 29, 2001, and was terminated on October 28, 2003. A copy of the Bond is attached to this Complaint as Exhibit A.

8. As a condition of the Bond under 19 C.F.R. § 113.62, Teddi and International Fidelity agreed to be jointly and severally liable for liquidated damages in the event of a default on the agreement and/or conditions of the Bond. Additionally, under 19 C.F.R. § 113.62(d), Teddi agreed "to redeliver timely, on demand by Customs" merchandise that was conditionally released from Customs custody.

9. One annual bond period is at issue in this matter. For purposes of this case, the relevant bond period is from October 29, 2002 through October 28, 2003.

## COUNT I

10.     Paragraphs 1 through 9 are incorporated by reference as though fully set forth herein.

11.     Plaintiff's Count I seeks to collect unpaid liquidated damages that were assessed against Teddi and International Fidelity for an entry secured by the Bond during the relevant bond period.

12.     On or about January 21, 2003, Teddi made an entry at the Port of Long Beach, California (port code 2709) that consisted of ladies' clothing. The entry number assigned to this entry is 275-1150883-3. The entry summary for this entry is attached to this Complaint as Exhibit B.

13.     At entry, Teddi asserted that the goods being imported under entry 275-1150883-3 originated in the Republic of Maldives.

14.     Teddi was required by a multilateral trade agreement entered into pursuant to 7 U.S.C. § 1854 to submit visas issued by the Republic of Maldives establishing the country of origin of the merchandise in entry 275-1150883-3.

15.     Teddi submitted purported visas identifying the country of origin of the merchandise as the Republic of Maldives. Copies of the purported visas are attached to this Complaint as Exhibit C.

16.     On or about April 30, 2003, Customs received notice from the Republic of Maldives Government that Teddi's purported visas were not issued by the Republic of Maldives Customs Service. A copy of the notification from the Republic of Maldives Government is attached to this Complaint as Exhibit D.

17.     Pursuant to 19 C.F.R. § 141.113(b), Customs is authorized to demand redelivery of textiles within 180 days of entry when the country of origin is not accurately represented.

18.     On or about May 5, 2003, Customs issued a timely Notice to Redeliver, Customs Form 4647, to Teddi, requiring redelivery of the identified merchandise within 30 days from the date of notice. A copy of the Notice to Redeliver is attached to this Complaint as Exhibit E.

19.     Teddi failed to redeliver the merchandise in question within 30 days.

20.     Teddi's failure to redeliver the merchandise at issue in entry number 275-1150883-3 resulted in violations of 19 C.F.R. § 141.113(b), and thus breached the Bond securing the entry.

21.     As a result of Teddi's failure to demonstrate that it had redelivered the merchandise at issue in entry number 275-1150883-3, Customs issued a Notice of Liquidated Damages, Customs Form 5955A, seeking payment for breach of the terms of the Bond. A copy of the Notice of Liquidated Damages sent to Teddi is attached to this Complaint as Exhibit F.

22.     Teddi never paid any of the liquidated damages assessed by Customs for entry number 275-1150883-3. In the event that a distribution is received from Teddi's estate, Customs will amend this Complaint accordingly.

23.     As a result of Teddi's failure to demonstrate that it had redelivered the merchandise involved in entry number 275-1150883-3, and Teddi's failure to pay the liquidated damages assessed against it, Customs issued a Notice of Liquidated Damages to International Fidelity seeking payment for breach of the terms of the Bond. A copy of

the Notice of Liquidated Damages sent to International Fidelity is attached to this Complaint as Exhibit G.

24. International Fidelity never paid any of the liquidated damages assessed by Customs on entry 275-1150883-3.

25. As of the date of the filing of this Complaint, Customs has received no payment from either Teddi or International Fidelity for the liquidated damages described in this Count. Those liquidated damages total $410,000.00.

WHEREFORE, plaintiff respectfully requests that judgment be entered in favor of the United States of America against defendant International Fidelity in the amount of $410,000.00 plus pre- and post-judgment interest, and for such other further relief as this Court deems just and proper.

                    Respectfully submitted,

                    TONY WEST
                    Assistant Attorney General

By:         /s/
                    BARBARA S. WILLIAMS
                    Attorney in Charge
                    International Trade Field Office

                    /s/
                    ALEXANDER VANDERWEIDE
                    Civil Division, Dept. of Justice
                    Commercial Litigation Branch
                    26 Federal Plaza, Room 346
                    New York, New York 10278
                    Attorneys for Defendant
                    Tel. No. (212) 264-0482

Dated: June 1, 2009